Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| NÉSTOR D. CARABAJAL Y ARIADNA KORTRIGHT<br><br>Querellante Recurrida<br><br>v.<br><br>AUTOMOBILIA, CORP.<br><br>Querellada Recurrente | KLRA202400402 | Revisión Administrativa procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: SAN-2023-0014761<br><br>Sobre: Vehículo de Motor |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de noviembre de 2024.

Comparece Automobilia Corp. (Automobilia o recurrente) mediante revisión judicial y solicita que revoquemos la *Resolución* del Departamento de Asuntos del Consumidor (DACo), Regional San Juan, emitida el 7 de julio de 2024. En dicho dictamen, DACo ordenó a Automobilia pagar a los querellantes la cantidad de tres mil ochocientos ($3,800.00) dólares. Por los fundamentos que expondremos, revocamos la Resolución impugnada y devolvemos el caso a DACo.

En síntesis, y en lo pertinente a nuestra decisión, el caso de epígrafe trata de una querella radicada contra Automobilia por este negarse a emitir un reembolso monetario. Según el expediente, el señor Carabajal Coalla pagó tres mil ocho cientos ($3,800.00) dólares por concepto de gastos de seguros de un BMW M4 (BMW) que este adquirió de Automobilia mediante una transacción de *trade-in* de una

Chevrolet Camaro, pero antes de que se firmara algún contrato de alquiler o *leasing* sobre el BMW. Luego de que Automobilia omitiera pagar el seguro del vehículo a alguna aseguradora y se negara reembolsar el dinero al señor Carabajal Coalla, las partes se devolvieron mutuamente los vehículos adquiridos mediante *trade-in*. No obstante, luego de inspeccionar el BMW, Automobilia se percató que el señor Carabajal Coalla había modificado sin autorización la tubería o *mufflers* del vehículo, por lo cual el recurrente sostuvo que tuvo que reparar las alteraciones a un costo nueve mil cincuenta ($9,050.00) dólares por las reparaciones.

Posteriormente, el señor Carabajal Coalla radicó una querella ante DACo y solicitó que se ordenara la devolución de los tres mil ocho cientos ($3,800.00) dólares. En su respuesta, Automobilia alegó que el señor Carabajal Coalla alteró el automóvil de tal manera que este puso en riesgo el funcionamiento del vehículo y produjo la anulación de las garantías de fábricas existentes. Asimismo, el recurrente incluyó entre sus defensas afirmativas que no se le consultó ni cuestionó en las ocasiones que se llevó a cabo la alteración del BMW. Además, un gerente de Automobilia testificó que las alteraciones causaron que el BMW no pudiera usarse legalmente en las carreteras de Puerto Rico.

Luego de la señora Ariadna Kortright (señora Kortright) unirse como parte querellante y de celebrarse una vista, DACo resolvió ha lugar la querella y le ordenó a Automobilia pagarle al señor Carabajal Coalla y la señora Kortright (conjuntamente "recurridos") los referidos tres mil ocho cientos ($3,800.00) dólares dentro del término de veinte (20) días calendario, contados a partir del archivo en autos de la *Resolución*. Sin embargo, DACo omitió valorar e incluir alguna

adjudicación sobre las modificaciones presuntamente hechas al BMW, sus respectivos costos de reparación y los efectos de compensación, si alguno, que tuvieran frente al monto relativo al seguro. Oportunamente, Automobilia presentó una moción de reconsideración y de determinaciones de hechos y derechos adicionales y solicitó que DACo ordenara al señor Carabajal Coalla pagar la suma de las reparaciones y/o aplicara a dicha suma la cantidad de tres mil ochocientos ($3,800.00) dólares por vía de compensación para que los recurridos paguen la diferencia. Evaluada la referida moción, DACo resolvió con un mero sin lugar.

Insatisfecho, el recurrente acude ante este Tribunal y alega que DACO erró al no aplicar la compensación y/o disminución de la cuantía ordenada a pagar, en vista de los gastos y las reparaciones que incurrió Automobilia en instalar nuevamente a su estado original el sistema de emisiones del vehículo. La parte recurrida no presentó su alegato, aun cuando se le dio la oportunidad.

Vale recordar que la *Ley de la Judicatura de 2003* delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, dicha ley establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas". Art. 4.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003 (4 LPRA sec. 24y). Ello resulta igualmente compatible con las disposiciones de la *Ley de Procedimiento Administrativo Uniforme* (LPAU) y el *Reglamento del Tribunal de Apelaciones*. Véase Sec. 4.2 de la Ley Núm. 38-2017 (3 LPRA sec. 9672); Regla 56 del

Tribunal de Apelaciones (4 LPRA Ap. XXII-B). De modo equivalente, la jurisprudencia del Tribunal Supremo de Puerto Rico ha limitado la revisión judicial de decisiones administrativas a aquellas instancias en que se trate de órdenes o resoluciones finales, y en las que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa. *Fuentes Bonilla v. ELA*, 200 DPR 364 (2018) (citando a *Tosado v. AEE*, 165 DPR 377 (2005)).

Ahora bien, los procedimientos y decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Pol. de P.R.*, 176 D.P.R. 978 (2009).

La norma general es que las decisiones de los organismos administrativos deben ser consideradas con gran deferencia por los tribunales apelativos, por razón de la experiencia y pericia de las agencias respecto a las facultades que se les han delegado. *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 D.P.R. 177 (2009). Sus decisiones deben ser respetadas a menos que la parte recurrente establezca que hay evidencia en el expediente administrativo suficiente para demostrar que la agencia no actuó razonablemente. *Borschow Hosp. v. Jta. de Planificación*, 177 D.P.R. 545 (2009).

Por tanto, para convencer al tribunal de que la evidencia utilizada por la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el

récord que reduzca o menoscabe el valor probatorio de la evidencia impugnada hasta el punto de que no pueda ser concluido que la determinación de la agencia fue razonable de acuerdo a la totalidad de la prueba que tuvo ante su consideración. *Polanco v. Cacique Motors*, 165 D.P.R. 156 (2005).

En cuanto a las conclusiones de derecho, éstas serán revisables en todos sus aspectos por el tribunal. Los tribunales, como conocedores del derecho, no tienen que dar deferencia a las interpretaciones de derecho que hacen las agencias administrativas. *Olmo Nolasco v. Del Valle Torruella*, 175 D.P.R. 464 (2009). Éstos están en la misma posición que la agencia al evaluar la prueba documental y pericial. *Rebollo v. Yiyi Motors*, 161 D.P.R. 69 (2004). A pesar de ello, los tribunales no pueden descartar liberalmente las conclusiones e interpretaciones de la agencia. *JP, Plaza Santa Isabel v. Cordero Badillo, supra*, pág. 187.

En el presente caso, del expediente se desprende que la agencia no adjudicó en relación a la controversia sobre el cambio de los *mufflers* del vehículo BMW y su efecto sobre la controversia relativa a la devolución del dinero pertinente al seguro, esto a pesar de Automobilia haber incluido entre sus defensas afirmativas la falta de consulta sobre las alteraciones hechas por el querellante, el dinero invertido en las reparaciones de dichas alteraciones y la consecuencia compensatoria que a su juicio ello tenía. Más bien, DACo únicamente determinó la controversia sobre los tres mil ochocientos ($3,800.00) de seguro del vehículo BMW sin disponer -siquiera para descartar- sobre las defensas de compensación a partir de las supuestas reparaciones.

Por tanto, la evidencia sin adjudicar contenida en el expediente administrativo demuestra que la decisión impugnada es defectuosa y, por falta de solvencia, improcedente. Es decir, de acuerdo con el modo en que se valore, la evidencia soslayada en torno a las piezas supuestamente cambiadas podría constituirse como otra prueba del récord que reduzca o menoscabe el valor probatorio de la evidencia en torno al pago del seguro, que sí fue considerada en la Resolución recurrida, o que modifique el monto involucrado por la misma, al punto de afectar la razonabilidad de la decisión administrativa según la totalidad de la prueba disponible. En este sentido, la Resolución emitida no estuvo basada en toda la evidencia disponible, con lo cual la agencia falló en su deber de adjudicación y tornó su actuación irrazonable.

Por los fundamentos expresados, se revoca la determinación administrativa objeto del recurso y se devuelve el caso a DACo para la continuación de los procesos, a fin de que se adjudique la totalidad de las controversias involucradas en el caso en consideración de toda la prueba disponible en el expediente, sin que para ello obste la celebración de alguna vista adicional, si ello se considera prudente por el adjudicador administrativo, a fin de que se efectúe una decisión administrativa conforme a derecho.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones